IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKLYN KENNEDY )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LTD FINANCIAL SERVICES, L.P. )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. Plaintiff Jacklyn Kennedy is an adult individual residing at 520 Broadway Estates, Turbotville, PA 17772.

4. Defendant LTD Financial Services, L.P. ("Defendant") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 7322 Southwest Freeway, Suite 1600, Houston, TX 77074. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV. FACTUAL ALLEGATIONS

5. At all times pertinent hereto, Defendant was hired by Radio Shack to collect a debt relating to a consumer account that was originally owed to Radio Shack (hereafter the "debt").

6. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

7. On or about December 10, 2009 Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass the person contacted. During this conversation, Defendant left a voicemail at Plaintiff's place of residence.

8. Notwithstanding the above, on or about December 10, 2009, Defendant contacted Plaintiff's parents at their place of residence with the intent to annoy, abuse, and harass persons contacted. During this conversation, Defendant disclosed the debt to Plaintiff's parents.

9. Notwithstanding the above, on or about December 11, 2009, Defendant contacted Plaintiff at her place of residence with the intent to annoy, abuse, and harass persons contacted.

2

When Defendant received no response, Defendant immediately contacted Plaintiff on her cell phone. Plaintiff advised Defendant that her cell phone was prepaid and that she could not receive any calls at that number. Defendant responded by telling Plaintiff that she was a liar and that they knew she used the Verizon service and Verizon does not do prepaid cell phones. Defendant also expressed discern about Plaintiff not having an answering machine at her place of residence, although, a voicemail was left the evening before by Defendant. Defendant proceeded to hang up the phone and when Plaintiff called back, Defendant was rude to Plaintiff. When Plaintiff told Defendant to never contact her parents, Defendant stated that they were investigating Plaintiff in regard to the debt and if she did not send a check by December, 18, 2009, legal proceedings would be brought against her.

10. Notwithstanding the above, on or about December 18, 2009, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Defendant left another voicemail stating that Plaintiff had until 11:00 a.m. (CST) to contact Defendant with a decision about her payment.

11. Notwithstanding the above, on or about December 18, 2009, Defendant contacted Plaintiff's parents at their place of residence a second time in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass persons contacted.

12. Notwithstanding the above, on or about December 19, 2009, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13. Notwithstanding the above, on or about December 21, 2009, Defendant contacted

Plaintiff's parents at their place of residence for a third time in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14. Notwithstanding the above, on or about December 21, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. When Plaintiff questioned Defendant as to why they were calling, Plaintiff was rudely interrupted by Defendant yelling "because you owe debt!" During this telephone conversion, Defendant also stated that they would continue to contact Plaintiff's parents until Plaintiff pays the debt. Plaintiff began to explain to Defendant that their harassment was illegal and again Plaintiff was interrupted by Defendant's screams that Plaintiff was the one who was "breaking the law."

15. Notwithstanding the above, on or about December 31, 2009, Defendant contacted Plaintiff two (2) times at her place of residence throughout the day in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

16. On or about January 4, 2010, Defendant wrote and sent to the Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "1/4/2010 Letter") which attempted to coerce Plaintiff into paying the debt. (A true and correct copy of the 1/4/2010 Letter is attached hereto as Exhibit "A" and is incorporated herein).

17. Notwithstanding the above, on or about January 9, 2010, Defendant contacted Plaintiff on her prepaid cell phone in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Plaintiff asked why her prepaid cell phone number was still in the system after she asked Defendant to not call that number. Defendant stated the number would be removed from the system and hung up.

18.     Notwithstanding the above, on or about January 11, 2010, Plaintiff contacted Defendant in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  During this telephone conversation, Defendant stated to Plaintiff that $50.00 needed to be paid by the end of the month or Plaintiff's case would "leave this office".

19.     Notwithstanding the above, on or about January 21, 2010, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  Defendant left a voicemail at Plaintiff's place of residence stating that Plaintiff had until the end of the month to pay $50.00.  Defendant then proceeded to call Plaintiff on her prepaid cell phone.  Plaintiff told Defendant that she was driving and could not talk while she was driving but Defendant was relentless and kept her on the phone.  Defendant argued with Plaintiff and told her that she was refusing to cooperate and refusing to pay her debt.  Defendant told Plaintiff that if she was refusing to pay her debt it would be collected "involuntarily." Plaintiff again stated that she was unable to discuss this matter and Defendant responded by telling Plaintiff that she would have to make time to speak.  When Defendant again began yelling at Plaintiff about refusing to pay her debt, Plaintiff hung up the phone.

21.     Notwithstanding the above, on or about January 26, 2010, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

22.     Notwithstanding the above, on or about January 29, 2010, Defendant contacted Plaintiff, at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  When Defendant could not reach Plaintiff at her place of residence, Defendant again called Plaintiff on her prepaid cell phone.  When Plaintiff

questioned why Defendant was calling again on a phone number she asked them not to, Defendant hung up.

23. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that Plaintiff had committed any crime.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer for the purpose of acquiring information other than location information.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer that the consumer owes any debt.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating in connection with the collection of any debt with any person other than a consumer and did so on multiple occasions.

28. The Defendant acted in a false, deceptive, misleading and unfair manner by causing the telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

30. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, damage to Plaintiff' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692(b), 1692(b)(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8); 1692e(10) and 1692f as evidenced by the following conduct:

(a) Communicating with any person other than the consumer for the purpose of acquiring information other than location information;

(b) Communicating with any person other than the consumer that the consumer owes any debt;

(c) Communicating in connection with the collection of any debt with any person other than a consumer on more than one occasion;

(d) Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

(e) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at that number;

(f) The threat to take any action that cannot legally be taken or that is not intended to be taken;

(g) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer; and

(h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

39.     Defendant's acts as described above were done with malicious, intentional,

willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE FCEUA AND UTPCPL

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

43. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

44. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

45. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a) Communicating with any person other than the consumer for a purpose other than acquiring location information;
>
> (b) Communicating with any person other than the consumer on more than one occasion;
>
> (c) Communicating with any person other than the consumer that the consumer owes a debt;
>
> (d) Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;
>
> (e) Causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at that number;
>
> (f) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
> (g) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer; and

    (h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

47. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VIII. SECOND CLAIM FOR RELIEF- INVASION OF PRIVACY

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Defendant continuously and repeatedly contacting Plaintiff's parents and disclosing Plaintiff's debt to them constitutes an invasion of privacy.

50. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon.

## XI. JURY TRIAL DEMAND

51. Plaintiff demands trial by jury on all issues so triable.

                                          **RESPECTFULLY SUBMITTED,**

                                          **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Attorneys for Plaintiff
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
DATE: May 26, 2010        (215) 735-8600

# EXHIBIT A



LTD Financial Services, L.P.
7322 Southwest Freeway, Suite 1600
Houston, Texas 77074
Phone: 713/773-3100
Fax: 713/414-2126

JANUARY 04, 2010

```
CREDITOR: RADIO SHACK
          CITIBANK (SOUTH DAKOTA) NA
ACCOUNT #: ACF 6035365227033100
```

```
REF NO: 012545461
BALANCE: $1,722.43
```

JACKLYN F KENNEDY

520 BROADWAY EST
TURBOTVILLE, PA 17772-9603

******************** SETTLEMENT IN FULL OFFER ********************

This letter is from LTD Financial Services L.P., a debt collection
company. This is an attempt to collect a debt and any information
obtained will be used for that purpose. Acceptance of this offer
will completely absolve you of this debt with the above named
creditor. You will owe <u>no more money</u> on this account.

If the discharged amount of your settlement is $600.00 or more
after the final payment of your settlement is received, the above
named creditor will be required to notify the IRS of that amount.
You will receive a copy of the 1099C form that will be filed with
the IRS. You should consult independent tax counsel of your own
choosing if you desire advice about any tax consequences that may
result from this settlement.

| PAYMENT PLAN 1 | PAYMENT PLAN 2 | PAYMENT PLAN 3 |
|---|---|---|
| Make 1 payment of $861.22 due 1/25/2010. | Make 3 payments of $344.49 with the first payment due 1/25/2010. Successive payments are due the 25th of each month. | Make 12 payments of $100.48 with the first payment due 1/25/2010. Successive payments are due the 25th of each month. |
| YOU SAVE: $861.21. | YOU SAVE: $688.96. | YOU SAVE: $516.67. |

If you need information, please call today at 1-866-998-2500.
We are not obligated to renew this offer.



↑ Tear along dotted line ↑

Please make check payable to CITIBANK

BALANCE: $1,722.43

REF NO: 012545461
   NAME: JACKLYN F KENNEDY

ACCOUNT #: ACF 6035365227033100

Visit https://payments.ltdfin.com to pay online.

NOTICE: SEE REVERSE
SIDE FOR IMPORTANT
INFORMATION.

OUR TOLL FREE NUMBER IS 1-866-998-2500